THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

ELILE ADAMS,

                                        Petitioner,

        v.

BILL ELFO *et al.*,

                                        Respondents.

CASE NO. C19-1263-JCC

ORDER

        This matter comes before the Court on Plaintiff's objections (Dkt. No. 36) to the report
and recommendation of the Honorable Michelle L. Peterson, United States Magistrate Judge
(Dkt. No. 35). Having thoroughly considered the parties' briefing and the relevant record, the
Court finds oral argument unnecessary and hereby ADOPTS in part and REJECTS in part the
report and recommendation and REMANDS this matter to Judge Peterson for further
proceedings for the reasons explained herein.

I.      BACKGROUND

        Judge Peterson's report and recommendation sets forth the underlying facts of this
dispute, and the Court will not repeat them here. (*See* Dkt. No. 35 at 2–5.) On October 18, 2019,
Petitioner filed a second amended petition for a writ of habeas corpus pursuant to the Indian
Civil Rights Act of 1968, 25 U.S.C. §§ 1301–1303, seeking relief from a warrant issued by
Respondent Nooksack Tribal Court. (Dkt. No. 21.) On November 22, 2019, Respondents moved

1   to dismiss Petitioner's petition for a writ of habeas corpus pursuant to Federal Rules of Civil
2   Procedure 12(b)(1) and 12(b)(6). (*See* Dkt. Nos. 25, 28.)

3       Judge Peterson's report and recommendation recommends granting Respondents'
4   motions to dismiss, finding that Petitioner has failed to exhaust her tribal court remedies. (*See*
5   Dkt. No. 35 at 7, 14–15.) Petitioner filed timely objections to the report and recommendation.
6   (*See* Dkt. No. 36.)

7   **II.   DISCUSSION**

8       **A.   Legal Standard**

9       A district court reviews *de novo* those portions of a report and recommendation to which
10  a party objects. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). Objections are required to
11  enable the district court to "focus attention on those issues—factual and legal—that are at the
12  heart of the parties' dispute." *Thomas v. Arn*, 474 U.S. 140, 147 (1985). General objections, or
13  summaries of arguments previously presented, have the same effect as no objection at all, since
14  the court's attention is not focused on any specific issues for review. *See United States v.*
15  *Midgette*, 478 F.3d 616, 622 (4th Cir. 2007). "The district judge may accept, reject, or modify
16  the recommended disposition; receive further evidence; or return the matter to the magistrate
17  judge with instructions." Fed. R. Civ. P. 72(b)(3).

18      **B.   Petitioner's Objections**

19          *1.   Exhaustion of Tribal Court Remedies*

20      "The privilege of the writ of habeas corpus shall be available to any person, in a court of
21  the United States, to test the legality of his detention by order of an Indian tribe." *Santa Clara*
22  *Pueblo v. Martinez*, 436 U.S. 49, 66 (1978). However, tribal members must exhaust their tribal
23  court remedies prior to seeking federal habeas relief. *See Nat'l Farmers Union Ins. Cos. v. Crow*
24  *Tribe*, 471 U.S. 848, 857 (1985); *Selam v. Warm Springs Tribal Corr. Facility*, 134 F.3d 948,
25  953 (9th Cir. 1998).

26      The report and recommendation found that Petitioner did not exhaust her tribal court

remedies prior to filing the instant petition, such as by moving for acquittal, moving to strike the warrant and return of bail, and seeking a tribal court writ of habeas corpus or appealing to the tribal appellate court. (Dkt. No. 35 at 11, 14.) In her objections, Petitioner argues that she did not receive a summons and therefore "cannot move for acquittal or strike the warrant and seek return of bail." (Dkt. No. 36 at 5–6) (citing Dkt. No. 37-6 at 10). Taken as true, Petitioner's argument does not refute that other tribal court remedies were available to her when she filed her petition for federal habeas relief. (*See* Dkt. No. 35 at 11.)

Petitioner also argues that she has now exhausted her tribal court remedies, stating that "[h]er only 'available' tribal legal avenue to seek her unconstitutional freedom was tribal *habeas corpus*, but Respondents summarily foreclosed any such opportunity before the Nooksack trial and appellate courts." (Dkt. No. 36 at 6) (citing Dkt. Nos. 37-6, 37-7). The parties submit new evidence on this issue. (*See* Dkt. Nos. 37-6 at 1–22, 37-7 at 1–27, 38-1—38-6.) "[A] district court has discretion, but is not required, to consider evidence presented for the first time in a party's objection to a magistrate judge's recommendation." *United States v. Howell*, 231 F.3d 615, 621 (9th Cir. 2000). The Court exercises its discretion to consider the parties' new evidence relating to this ground of Petitioner's objections. And a review of the evidence shows that Petitioner's tribal court petitions have not been adjudged on the merits; each "has been rejected for filing per Resolution 16-28, which bars Gabriel Galanda and any other attorneys working at the firm of Galanda Broadman, from (1) engaging in business activities within the Nooksack Tribal land, and (2) practicing in the tribal court." (*See* Dkt. Nos. 37-6 at 1; 37-7 at 1, 6.) And Respondents note that Mr. Galanda and his firm are not authorized to practice before the Nooksack Tribal Court because they do not possess a business license issued from the Nooksack Indian Tribe and that Petitioner's counsel failed to pay the required filing fees for her tribal court petitions. (*See* Dkt. No. 38-1 at 2–4.) Therefore, Petitioner does not demonstrate that she has actually exhausted her tribal court remedies such that she may now seek federal habeas relief on this ground and her objections are OVERRULED on this ground.

2.  *Tribal Court Jurisdiction and Bad Faith*

Exhaustion of tribal court remedies is not required when:

an assertion of tribal jurisdiction "is motivated by a desire to harass or is conducted in bad faith," . . . or where the action is patently violative of express jurisdictional prohibitions, or where exhaustion would be futile because of the lack of an adequate opportunity to challenge the court's jurisdiction.

*Nat'l Farmers Union Ins. Cos.*, 471 U.S. at 857 n.21 (quoting *Juidice v. Vail*, 430 U.S. 327. 338 (1977)). The report and recommendation found that "Petitioner's conclusory assertions that jurisdiction is plainly lacking because she was not within the bounds of the Reservation at the time of her arrest are insufficient to show that there is no plausible claim of an absence of jurisdiction, especially given the record." (Dkt. No. 35 at 8) (citing a police report stating that Petitioner's address "is located on Nooksack tribal trust land, and is within the jurisdiction of the Nooksack Tribal police"). The report and recommendation does not acknowledge Petitioner's evidence that her arresting address is located on allotted land outside of the reservation or her argument that the Nooksack Tribal Court consequently lacked jurisdiction over her. (*See* Dkt. Nos. 29 at 14–15, 30-18 at 2.) Therefore, Petitioner's argument, while brief, was not conclusory. And given the legal authority and evidence submitted by Petitioner in support of her objections to the report and recommendation, the fact that she may have been arrested on federal allotted land outside of the reservation may give rise to a plausible claim of a lack of jurisdiction. (*See* Dkt. No. 35 at 8.) Thus, the Court REJECTS and REMANDS the report and recommendation on this ground. On remand, the magistrate judge must determine whether Petitioner has established a plausible claim that her arrest occurred on allotted land outside of the reservation and that therefore the Nooksack Tribal Court lacked jurisdiction over Petitioner at the time of her arrest.

The report and recommendation also rejected Petitioner's argument that she was not required to exhaust her tribal court remedies because Respondents harassed her or acted with bad faith. (*See* Dkt. No. 35 at 10–11.) In her objections, Petitioner asserts that Respondents have again acted in bad faith by precluding her from pursuing tribal court habeas remedies, citing the

tribal court's rejection of her new filings. (*See* Dkt. No. 36 at 7) (citing *Grand Canyon Skywalk Dev., LLC v. 'Sa' Nyu Wa Inc.*, 715 F.3d 1196, 1201 (9th Cir. 2013); *Acres v. Blue Lake Rancheria*, 2017 WL 733114, slip op. at 3 (N.D. Cal 2017); Dkt. Nos. 37-6 at 1; 37-7 at 1, 6.) As discussed above, Petitioner's filings were rejected because Mr. Galanda and his firm do not possess a business license issued by the Nooksack Indian Tribe and thus cannot practice before the Nooksack Tribal Court and because Petitioner's counsel failed to pay the required filing fees for her petitions. (*See* Dkt. No. 38-1 at 2–4.) These reasons do not establish that the tribal court has unjustifiably precluded Petitioner from pursuing her tribal court remedies and do not otherwise rise to the level of bad faith or harassment such that Petitioner is excused from exhausting those tribal court remedies. Therefore, Petitioner's objections are OVERRULED on this ground.

## III.   CONCLUSION

For the foregoing reasons, Judge Peterson's report and recommendation (Dkt. No. 35) is ADOPTED in part and REJECTED in part. This matter is REMANDED to Judge Peterson for consideration of whether Petitioner has raised a plausible claim that the Nooksack Tribal Court lacked jurisdiction over Petitioner at the time of her arrest and of Respondents' alternative grounds for dismissal of Petitioner's petition for writ of habeas corpus. Fed. R. Civ. P. 72(b); (Dkt. No. 35 at 14–15).

DATED this 21st day of April 2020.

John C. Coughenour
UNITED STATES DISTRICT JUDGE