THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ELILE ADAMS, | CASE NO. C19-1263-JCC |
| Petitioner, | ORDER |
| v. | |
| RAYMOND DODGE, *et al.*, | |
| Respondents. | |

This matter comes before the Court on Petitioner's objections (Dkt. No. 46) to the second report and recommendation ("R&R") of the Honorable Michelle L. Peterson, United States Magistrate Judge (Dkt. No. 45). Having thoroughly considered the parties' briefing and the relevant record, the Court hereby ADOPTS the second R&R and DISMISSES the matter without prejudice for the reasons explained herein.

Following the Nooksack Tribal Court's issuance of a warrant for her arrest, Petitioner filed a series of petitions with this Court for a writ of habeas corpus, seeking relief from the Tribal Court's warrant, pursuant to the Indian Civil Rights Act of 1968, 25 U.S.C. §§ 1301–1303. (Dkt. Nos. 2, 6, 21.) On November 22, 2019, Respondents moved to dismiss the latest petition—a second amended petition—pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). (*See* Dkt. Nos. 25, 28.) Judge Peterson issued the first R&R, recommending that this

ORDER
C19-1263-JCC
PAGE - 1

Court grant Respondents' motion. (Dkt. No. 35). The Court adopted in part and rejected in part the first R&R, remanding to Judge Peterson to consider: (1) whether the Nooksack Tribal Court lacked jurisdiction over Petitioner at the time of her arrest, thereby excusing Petitioner's failure to exhaust her remedies with the Nooksack Tribal Court and (2) the adequacy of the alternate grounds articulated by Respondents for dismissal—primarily sovereign and judicial immunity. (Dkt. No. 43 at 3–5.) Judge Peterson issued a second R&R finding that the Nooksack Tribal Court did not *plainly* lack jurisdiction over Petitioner at the time of her arrest—the relevant standard for purposes of a habeas petition—and that, regardless, judicial immunity would apply here. (*See generally* Dkt. No. 45.) Judge Peterson's R&Rs contain the detailed facts underlying this matter; the Court will not repeat them here. (*See* Dkt. Nos. 35 at 2–5; 45 at 1–4.)

Petitioner lodges the following objections to Judge Peterson's second R&R: (1) Judge Peterson erred in finding that the Nooksack Tribal Court did not plainly lack jurisdiction over Petitioner and (2) Judge Peterson misapprehended the judicial immunity doctrine. (*See generally* Dkt. No. 46.) A district court reviews *de novo* those portions of an R&R to which a party objects. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). Objections are required to enable the district court to "focus attention on those issues—factual and legal—that are at the heart of the parties' dispute." *Thomas v. Arn*, 474 U.S. 140, 147 (1985).

Tribal members must exhaust their tribal court remedies prior to seeking federal habeas relief. *See Nat'l Farmers Union Ins. Cos. v. Crow Tribe*, 471 U.S. 848, 857 (1985); *Selam v. Warm Springs Tribal Corr. Facility*, 134 F.3d 948, 953 (9th Cir. 1998). The Court previously adopted Judge Peterson's finding that Petitioner has not met this requirement. (*See* Dkt. No. 43 at 2–3.) At issue, though, is whether Petitioner's failure to do so is excused by the Nooksack Tribal Court's lack of jurisdiction in this matter. *See Nat'l Farmers Union Ins. Cos. v. Crow Tribe*, 471 U.S. 845, 857 n.21 (1985) (exhaustion is not required if it would be futile "because of the lack of an opportunity to challenge the court's jurisdiction"); *Boozer v. Wilder*, 381 F.3d 931, 935 (9th Cir. 2004) (a petitioner need not exhaust remedies with the tribal court if it is "plain that the

1    tribal court lacks jurisdiction" thereby making exhaustion "futile").

2        In her second R&R, Judge Peterson concluded that the Nooksack Tribal Court does not
3    *plainly* lack jurisdiction on Nooksack trust land outside of the Nooksack reservation—the
4    location of Petitioner's arrest. (*Id.* at 5–11.) Petitioner argues that this was error: Washington law
5    applies and, under Washington law, the state has *exclusive* criminal jurisdiction on Nooksack
6    trust land outside of the reservation. (Dkt. 46 at 3–6.)

7        Even if Washington law controls, this Court finds that authority on the jurisdiction issue
8    is mixed. Petitioner primarily relies on a 1963 opinion from the Washington Attorney General,
9    AGO 63-64 No. 68, and a 1996 Washington Supreme Court opinion, *State v. Cooper*, 928 P.2d
10   406 (Wash. 1996). (Dkt. No. 46 at 4–5.) While courts often defer to Attorney General opinions,
11   such opinions are not controlling. *See Skagit County Pub. Hosp. Dist. No. 304 v. Skagit County*
12   *Pub. Hosp. Dist. No.1*, 305 P.3d 1079, 1082 (Wash. 2013); *Cedar Shake and Shingle Bureau v.*
13   *City of Los Angeles*, 997 F.2d 620, 625 (9th Cir. 1993). As for *Cooper*, the question before the
14   court was not whether the *tribe's* jurisdiction extended to off-reservation trust lands, but whether
15   the *state's* did. *See* 928 P.2d at 408. While the court found that the state's jurisdiction did extend
16   to off reservation trust lands, it never said that such jurisdiction would be *exclusive*. *See*
17   *generally id.* Petitioner also points to *State v. Clark*, 308 P.3d 590, 596 (Wash. 2013). (Dkt. No.
18   46 at 6.) That decision does contain language suggesting that Washington's jurisdiction off
19   reservation is exclusive, but like *Cooper*, this was not the issue before the *Clark* court. *See*
20   *generally Clark*, 308 P.3d at 595–96. And more importantly, this Court cannot square such an
21   assertion with the later statement in the *Clark* opinion that Public Law 280 "did not divest tribes
22   of this sovereignty when delegating federal jurisdiction to the states." *Id.*; *see also State v.*
23   *Schmuck*, 850 P.2d 1332 (Wash. 1993) (similar finding). Public Law 280 is the vehicle that
24   provided Washington its jurisdiction over tribal lands. *Washington v. Confederated Bands &*
25   *Tribes of Yakima Indian Nation*, 439 U.S. 463, 471–74 (1979). If it is not a divestiture statute,
26   reason dictates that a tribe's jurisdictional rights to trust lands before Public Law 280 would,

1 indeed, survive Public Law 280.

2 Given this seemingly unclear and conflicting authority, the Court is left with no choice
3 but to conclude that the issue of jurisdiction is far from *plain*, even under Washington law. Judge
4 Peterson did not err in concluding that the Nooksack Tribal Court did not plainly lack
5 jurisdiction in this matter.

6 Petitioner's first objection (Dkt. No. 46 at 3) to Judge Peterson's R&R (Dkt. No. 45) is
7 OVERRULED. Petitioner is not excused from exhausting her remedies with the Nooksack Tribal
8 Court before bringing her action to this Court. The Court need not reach Petitioner's second
9 objection, as Petitioner's failure to exhaust is fatal to her petition.

10 The Court DECLINES Petitioner's request to stay the matter while Petitioner continues
11 to seek relief before the Nooksack Tribal Court. (*See* Dkt. No. 46 at 6–7.)

12 For the foregoing reasons, Judge Peterson's second R&R (Dkt. No. 45) is ADOPTED.
13 Petitioner's second amended petition (Dkt. No. 21) is dismissed without prejudice.

15 DATED this 23rd day of September 2020.

*John C. Coughenour*
John C. Coughenour
UNITED STATES DISTRICT JUDGE