THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ELILE ADAMS,<br><br>　　　　　　Petitioner,<br><br>　　v.<br><br>BILL ELFO, *et al.*,<br><br>　　　　　　Respondents. | CASE NO. C19-1263-JCC<br><br>ORDER |

This matter comes before the Court on Petitioner Elile Adams' motion for reconsideration of the Court's order dismissing Ms. Adams' objections to United States Magistrate Judge Michelle L. Peterson's second Report and Recommendation ("R&R") regarding Ms. Adams' second amended petition for a writ of habeas corpus (Dkt. Nos. 21, 45, 46, 54, 56). The facts of this case have been described by the Court previously and will not be repeated here. (*See* Dkt Nos. 35, 43, 45 54.)

In her motion for reconsideration, Petitioner argues the Court committed manifest error when it overlooked Petitioner's objection to the Report and Recommendation regarding application of the bad faith exception to the tribal exhaustion doctrine and when the Court concluded that the Nooksack Tribe's "jurisdictional rights to trust lands before Public Law 280 would, indeed, survive Public Law 280." (Dkt. No. 56 at 1.) Finding good cause, the Court ordered Respondents Deanna Francis, Betty Leathers, the Nooksack Indian Tribe, and the

Nooksack Tribal Court to respond to Ms. Adams' objections. (Dkt. No 59.)

As it relates to the bad faith exception, the Court did not overlook Petitioner's objection. The Court previously overruled Ms. Adams' objections to Judge Peterson's recommendation regarding Ms. Adams' application of the bad faith exception. (*See* Dkt Nos. 43 at 4–5; 45 at 5.) Ms. Adams did not seek timely reconsideration of that order from the Court. *See* W.D. Wash. Local Civ. R. 7(h) (a "motion [for reconsideration] shall be filed within fourteen days after the order to which it relates is filed"). Therefore, no further consideration of that objection is warranted.

However, the Court does find that additional consideration of Ms. Adams' argument that her failure to exhaust was excused based on futility—namely that the Nooksack Tribal Court plainly lacked jurisdiction over her because she was arrested on off-reservation allotted lands—is warranted. (*See* Dkt. No. 54 at 3–4 (the Court's finding that the Nooksack Tribal Court *did not* plainly lack jurisdiction over the allotted lands based on conflicting and unclear authority applying Public Law 280's divestiture provision to such lands); Dkt. No. 45 at 5–11 (similar finding by Judge Peterson).) Ms. Adams alleges that Public Law 280 predates the United States' recognition of the Nooksack Tribe. (Dkt. No. 56 at 1–2.) Therefore, the import of Public Law 280 and related authority in considering the Nooksack Tribal Court's jurisdiction over the off-reservation Suchanon allotment where Ms. Adams was arrested requires further consideration.

For the foregoing reasons, Ms. Adams' motion for reconsideration (Dkt. No. 56) is GRANTED in part and DENIED in part. The Court REMANDS the R&R in accordance with Federal Rule of Civil Procedure 72(b)(3). On remand, the magistrate judge must consider whether the fact that Public Law 280 predates federal recognition of the Nooksack Tribe impacts its determination that the Nooksack Tribal Court did not plainly lack jurisdiction over the Suchanon allotment at the time of Ms. Adams' arrest.

//

//

1    DATED this 4th day of November 2020.

*[signature]*

John C. Coughenour
UNITED STATES DISTRICT JUDGE