THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

ELILE ADAMS,

    Petitioner,

  v.

BILL ELFO, *et al.*,

    Respondents.

CASE NO. C19-1263-JCC

ORDER

This matter comes before the Court on Petitioner Elile Adams' objections (Dkt. No. 70) to the third Report and Recommendation (R&R) of the Honorable Michelle Peterson, United States Magistrate Judge (Dkt. No. 69). Having thoroughly considered the parties' briefing and the relevant record, the Court finds oral argument unnecessary and hereby OVERRULES Petitioner's objections and ADOPTS the R&R for the reasons explained herein.

The Court described the facts of this case in prior orders, (*see* Dkt. Nos. 43, 54), and will not repeat them here, except as relevant to the instant R&R and related objections. Following Petitioner's motion for reconsideration (Dkt. No. 56), the Court referred the matter to Judge Peterson to consider the following issue: "whether the fact that Public Law 280 predates federal recognition of the Nooksack Tribe impacts [Judge Peterson's] determination that the Nooksack Tribal Court did not plainly lack jurisdiction over the Suchanon allotment at the time of [Petitioner's] arrest." (Dkt. No. 62 at 2.) Following supplemental briefing, Judge Peterson issued

a third R&R (Dkt. No. 69). In it she concluded that, even if Public Law 280 predated federal recognition of the Nooksack Tribe, the Tribal Court did not plainly lack jurisdiction over the Suchanon allotment at the time of Petitioner's arrest. (*See id.* at 10–11.) Petitioner again objects to Judge Peterson's recommendation. (Dkt. No. 70.)

A district court reviews *de novo* those portions of a report and recommendation to which a party objects. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). Objections are required to enable the district court to "focus attention on those issues—factual and legal—that are at the heart of the parties' dispute." *Thomas v. Arn*, 474 U.S. 140, 147 (1985). General objections, or summaries of arguments previously presented, have the same effect as no objection at all, since the Court's attention is not focused on any specific issues for review. *See United States v. Midgette*, 478 F.3d 616, 622 (4th Cir. 2007). "The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3).

Petitioner lodged a number of general objections to Judge Peterson's third R&R, which the Court need not address. *See Ali v. Grounds*, 236 F. Supp. 3d 1241, 1249 (S.D. Cal. 2017) (citing *Goney v. Clark*, 749 F.2d 5, 7 (3d Cir. 1984)). At issue is Petitioner's specific objection that Judge Peterson erred in failing to consider that Congress's 1970 amendment to Public Law 280 granted state governments "exclusive jurisdiction" over Indian crimes on enumerated Indian lands. (Dkt. No. 70 at 4 (citing 18 U.S.C. § 1162(c).) Petitioner is correct that Washington does have jurisdiction over the Suchanon allotment. *See State v. Cooper*, 928 P.2d 406 (Wash. 1996). But the notion that this jurisdiction is exclusive of the Nooksack Tribal Court's is not supported by the legislative history of Public Law 280 or courts' interpretations of the statute.

The legislative history of Public Law 280 indicates that its purpose was a jurisdictional transfer between the state and federal government, not between the state and tribal governments, and it was done to supplement tribal authority, not divest it. *See, e.g.*, S.Rep. No. 699, 83d Cong., 1st Sess., *reprinted in* 1953 U.S. Code Cong. & Admin. News 2409, 2412 ("[T]here has been

created a hiatus in law-enforcement authority that could best be remedied by conferring criminal jurisdiction on States indicating an ability and willingness to accept such responsibility.") As the Assistant Secretary of the Interior stated to Congress in 1970, "[the] new language . . . [was] not intended . . . to have any bearing on actual or potential arrangements between States and the tribes which [sic] respect to the allocation of law enforcement responsibility between them . . . [and] *no effect on whatever inherent jurisdiction particular tribes may have retained in states* which were given or have assumed jurisdiction pursuant to . . . [Public Law 280] as amended." 116 H. Cong. Rec. 37,354 (1970) (emphasis added).

Similarly, the Supreme Court has consistently emphasized that Public Law 280 is not a divesture statute. *See Bryan v. Itasca County,* 426 U.S. 373, 383–390 (1976); *California v. Cabazon Band of Mission Indians*, 480 U.S. 202, 222 (1987). In addition, the Ninth and Eigth Circuits have held that Public Law 280 establishes *concurrent* jurisdiction between tribes and states. *Native Village of Venetie I.R.A. Council v. State of Alaska*, 944 F.2d 548 (9th Cir. 1991) ("Public Law 280 was designed not to supplant tribal institutions but to supplement them."); *Walker v. Rushing* 898 F.2d 672, 675 (8th Cir. 1990) ("Public Law 280 did not divest Indian tribes of their sovereign power to punish their own members for violations of tribal law. Nothing in the wording of Public Law 280 or its legislative history precludes concurrent tribal authority."). This view has also been professed by the Washington State Supreme Court, which indicated that "both the state and tribe may have jurisdiction in any given criminal case, and prosecution by one does not bar the other from also charging an offender with a crime arising out of the same conduct." *State v. Shale*, 345 P.3d 776 (Wash. 2015) (*citing State v. Moses*, 37 P.3d 1216 (Wash. 2002)).

Accordingly, Judge Peterson did not err in concluding that the Nooksack Tribal Court did not plainly lack jurisdiction over the Suchanon allotment, irrespective of whether federal tribal recognition predated Public Law 280. This is because Public Law 280 has no impact on the

Tribe's authority over the allotment, regardless of the "exclusive" language presently contained in the statute.

For the foregoing reasons, Petitioner's objections to the R&R (Dkt. No. 70) are OVERRULED. The Court ADOPTS the Judge Peterson's third R&R (Dkt. No. 69) and DENIES Petitioner's motion for reconsideration (Dkt. No. 56).

DATED this 3rd day of June 2021.

John C. Coughenour
UNITED STATES DISTRICT JUDGE